IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

N.C.,[1]

    Plaintiff,

v.

MARTIN O'MALLEY, Commissioner
of the Social Security Administration,

    Defendant.

Case No. 24-1010-DDC

## MEMORANDUM AND ORDER

Before the court is plaintiff's Application for Leave to File Action Without Payment of Fees, Costs, or Security (Doc. 3). Plaintiff's Complaint seeks review of a final decision by the Commissioner of the Social Security Administration on his application for a period of disability, disability insurance benefits, and supplemental security income. Doc. 1 at 1. Plaintiff's filing includes an Affidavit of Financial Status supporting plaintiff's request. Doc. 3 at 2–7.

Title 28 U.S.C. § 1915(a)(1) authorizes the court to permit plaintiff to commence an action without prepayment of fees—*i.e.*, to proceed *in forma pauperis* (IFP)—if certain conditions are satisfied. Although the statute speaks of incarcerated individuals, it "applies to all persons applying for IFP status, and not just to prisoners." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) (citations omitted).

Section 1915(a)(1) requires that plaintiff demonstrate an inability to afford the costs of litigation. 28 U.S.C. § 1915(a)(1). The court has "wide discretion" to grant motions to proceed

---

[1] The court makes all of its memoranda and orders available online. Therefore, as part of the court's efforts to preserve the privacy interests of Social Security claimants, it has decided to caption these opinions using only plaintiff's initials.

IFP.  *United States v. Garcia*, 164 F. App'x 785, 786 n.1 (10th Cir. 2006) (internal quotation marks and citation omitted).  But, the court may not rule such requests arbitrarily or erroneously. *Id.*  Thus, "to succeed on a motion to proceed IFP," a movant simply "must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument . . . in support of the issues raised in the action."  *Lister*, 408 F.3d at 1312 (citation omitted).

Exercising its discretion, the court finds that plaintiff has made this requisite showing. The motion asserts that plaintiff "is without means to pay the fees, costs or security to file an action against" this case's defendant.  Doc. 3 at 1.  And, in the affidavit attached to the motion, plaintiff testifies that he is unemployed and has no financial assets.  Doc. 3 at 2–7.  Last, plaintiff's Complaint alleges "a reasoned, nonfrivolous argument . . . in support of the issues raised in the action."  *Lister*, 408 F.3d at 1312 (citation omitted).  So, plaintiff has "show[n] a financial inability to pay the required filing fees" for facially legitimate allegations.  *Id.*

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Application for Leave to File Action Without Payment of Fees, Costs, or Security (Doc. 3) is granted.  The Clerk is directed to notify the U.S. Attorney for the District of Kansas and the Social Security Administration's Office of General Counsel under D. Kan. R. 83.7.2(a)(2) and Fed. R. Civ. P. Supp. Rules for Social Security Actions under 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

**Dated this 22nd day of January, 2024, at Kansas City, Kansas.**

                                                **s/ Daniel D. Crabtree**
                                                **Daniel D. Crabtree**
                                                **United States District Judge**