## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

N.C.C.,[1]

                    Plaintiff,                        Case No. 24-1010-DDC

v.

FRANK BISIGNANO,[2]
Commissioner of the Social Security
Administration,

                    Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's Motion for Attorney Fees (Doc. 13).  Despite spending just 3.8 hours on this case, plaintiff's counsel seeks a surprising fee award:  $15,993.  For the following reasons, the court concludes this award is disproportionate to the time spent on the case.  It thus grants in part and denies in part plaintiff's motion, awarding attorney fees of $6,384.  The court also reminds plaintiff's counsel—once she receives the $6,384 awarded by this Order—to refund the smaller fee amount granted to her under the Equal Access to Justice Act ("EAJA").

---

[1]    As part of the court's efforts to preserve the privacy interests of Social Security claimants, it has decided to caption its orders using only plaintiff's initials.

[2]    Frank Bisignano was confirmed as the Commissioner of the Social Security Administration in 2025.  The court thus substitutes Mr. Bisignano as the defendant here under Fed. R. Civ. P. 25(d).  Under the last sentence of 42 U.S.C. § 405(g), neither the parties nor the court needs to take further action to complete this process.

## I.      Background

Plaintiff hired counsel to prosecute his claim for Social Security benefits on a standard, contingency basis of 25% of past due benefits.  *See* Doc. 13-5 (showing counsel retained on January 5, 2024).  Plaintiff then filed a Complaint appealing the administrative decision denying him benefits.  Doc. 1.  On an unopposed motion, the court reversed the decision of the Commissioner and remanded the case for further proceedings.  Doc. 9.  The court also awarded attorney fees under the EAJA in the amount of $885.40.  Doc. 12 at 2.[3]

Plaintiff received notice of award of past-due benefits on September 24, 2025.  Doc. 13-4 at 1.  Plaintiff now asks the court to award attorney fees under the Social Security Act ("SSA"), 42 U.S.C. § 406(b), based on the value of 25% of plaintiff's past due benefits, or $15,993.  Doc. 13.  Plaintiff's counsel has provided records showing that she worked on this case for 3.8 hours.  Doc. 13-6.  And she acknowledges that the EAJA requires her to refund to plaintiff the lesser of any EAJA fees received and the fees awarded under § 406.  Doc. 13-1 at 12.

The Commissioner of the Social Security Administration has filed a response to plaintiff's motion.[4]  Doc. 14.  The Commissioner neither opposes nor supports plaintiff's motion. *Id.* at 1.  But he asks the court to ensure that any fee is reasonable.  *Id.*  And he asks the court to specify that the Commissioner should pay any fee out of plaintiff's past-due benefits.  *Id.* at 2.  Finally, the Commissioner notes that an attorney cannot accept fees under both § 406(b) and the EAJA.  *Id.*

---

[3]      Plaintiff's counsel asserts that she has received just $300 of this EAJA award.  Doc. 13-1 at 12.

[4]      Even though the Social Security Administration has no direct financial stake in in the outcome of § 406(b) litigation, courts allow the Commissioner to respond to attorney fees motions because the Commissioner "plays a part in the fee determination resembling that of a trustee for the [plaintiff]." *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002).

## II.    Legal Standard

Title 42 U.S.C. § 406(b)(1)(A) provides that "[w]henever a court renders a judgment favorable to a claimant . . . the court may determine and allow as part of its judgment a reasonable [attorney] fee . . . not in excess of 25 percent of the total of the past-due benefits[.]" This statute allows the court to award attorney fees after remanding the case if the Commissioner eventually awards past-due benefits. *McGraw v. Barnhart*, 450 F.3d 493, 503 (10th Cir. 2006). Attorneys may seek fees under both the EAJA and the SSA when handling Social Security cases in court. *Id.* at 497. If counsel receives fees under both the EAJA and the SSA, counsel must refund the smaller amount. *Id.* The amount of the fee awarded under § 406(b) is committed to the district court's sound discretion. *Id.* at 505.

The Supreme Court has concluded that—though § 406(b) does not displace contingent-fee agreements between a Social Security plaintiff and his counsel—the statute "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). When testing a contingent-fee award for reasonableness, the Supreme Court outlined the following factors as appropriate reasons to reduce the fee award:

> (1) when "the character of the representation and the results the representative achieved" were substandard; (2) when "the attorney is responsible for delay" that causes disability benefits to accrue "during the pendency of the case in court"; and (3) when "the benefits are large in comparison to the amount of time counsel spent on the case."

*Gordon v. Astrue*, 361 F. App'x 933, 935 (10th Cir. 2010) (quoting *Gisbrecht*, 535 U.S. at 808).

## III.    Analysis

Following the governing legal standard set out above, the court first examines the contingent-fee agreement between plaintiff and his counsel. Under this agreement, plaintiff

3

hired his counsel on a standard, contingency basis of 25% of past-due benefits.  Doc. 13-5.

Plaintiff's counsel now requests a full 25% of plaintiff's past-due benefits—$15,993.  Doc. 13.

Under the first factor, the court considers the overall result of the case and the character

of the representation.  *Gordon*, 361 F. App'x at 935.  Plaintiff's counsel secured from this court a

remand to the agency for further proceedings, which led to a favorable decision for plaintiff.

Doc. 10.  On remand, the Administrative Law Judge found plaintiff was disabled beginning in

June of 2020.  Doc. 13-4 at 1.  Because plaintiff's counsel secured an overall favorable result for

her client, this factor favors a finding that the requested fee is reasonable.

When analyzing the second factor, the court considers whether plaintiff's counsel has

caused a delay, allowing benefits to accrue.  *Gordon*, 361 F. App'x at 935.  Plaintiff hasn't

addressed this factor.  *See* Doc. 13-1.  But plaintiff never sought an extension to file a brief or

perform any other task, so the court discerns no basis to conclude that her counsel is responsible

for any delay in this case.

Finally, the court considers whether the fee is reasonable compared to the time counsel

spent on the case.  *Gordon*, 361 F. App'x at 935.  Plaintiff's counsel has submitted time records

showing that she spent 3.8 hours working on this case.  Doc. 13-6.  Plaintiff seeks $15,993 in

attorney fees, which yields an hourly rate of $4,208.68.  This rate exceeds the bounds of

"reasonable results."  *Gisbrecht*, 535 U.S. at 807.  The court explains.

As a preliminary matter, our court consistently has recognized that attorneys prosecuting

successful Social Security cases—on a contingency basis—may deserve rates that are "higher

than normal hourly rates charged by attorneys in other matters[.]"  *Gonzalez v. Bisignano*, No.

24-2096-JWL, 2026 WL 294942, at *3 (D. Kan. Feb. 4, 2026).  This greater rate is necessary "to

encourage practitioners to take such cases and to provide for those cases taken which are not

successfully concluded." *Id.* Our court thus has approved a 2.8 multiplier over a Social Security attorney's ordinary rate to make up for the risk involved in taking contingency cases. *E.g.*, *D.L. v. O'Malley*, No. 22-CV-1199-JAR, 2024 WL 382626, at *2 n.11 (D. Kan. Feb. 1, 2024); *M.B. v. O'Malley*, No. 20-CV-2453-JAR, 2024 WL 2818137, at *2 (D. Kan. June 3, 2024). The logic behind this multiplier is that "claimants in social security cases ultimately prevail in approximately 36 percent of cases." *D.L.*, 2024 WL 382626, at *2 n.11; *see also* Doc. 13-1 at 9 (arguing that Social Security claimants prevail in 36% of cases). So, plaintiff's counsel may deserve to earn an hourly rate in this Social Security case that is greater than what an ordinary practitioner may charge.[5]

All the same, the court can't sign off on plaintiff's requested rate. The court's research reveals that plaintiff's requested hourly rate—$4,208.68, which equals $1,503.10 on a non-contingency basis—exceeds the highest rate our court ever has approved in a Social Security case. *E.g.*, *Gonzalez*, 2026 WL 294942, at *2 (compiling cases); *Crozzer v. Bisignano*, No. 23-CV-1268-JAR, 2025 WL 3525270, at *2 (D. Kan. Dec. 9, 2025) (characterizing "an hourly rate of $1,205.60 and an equivalent hourly rate of non-contingent work of $430.57" as one "on the higher end"). Our court's non-SSA cases confirm his trend. An hourly rate of $1,500 is outside the bounds of the rates our court ordinarily approves. *See, e.g.*, *Stuart v. City of Topeka*, No. 23-cv-02021-TC, 2026 WL 444810, at *9 (D. Kan, Feb. 17, 2026) (refusing to endorse an hourly rate of $850 and explaining that "a survey of recent award rates in this District suggests rates around $500 per hour are reasonable for senior partner-level work"), *appeal docketed*, No. 26-3043 (10th Cir. Mar. 19, 2026); *Skyline Trucking, Inc. v. Truck Ctr. Cos.*, No. 22-4052-DDC-TJJ, 2024 WL 1282457, at *14 (D. Kan. Mar. 26, 2024) (collecting cases and finding that rates

---

[5]    Utilizing this 2.8 multiplier, plaintiff's request for an hourly rate of $4,208.68 equals a non-contingency hourly rate of $1,503.10 (because $4,208.68 divided by 2.8 is $1,503.10).

in the Kansas City market range between $175 and $625).  In fact, plaintiff's counsel even acknowledges that just 7.8% of Missouri attorneys charge over $500 per hour—with the majority charging substantially less.  Doc. 13-1 at 11–12.

Here's the short of it:  It's unreasonable for plaintiff's attorney to recover nearly $16,000 of plaintiff's past-due benefits for less than four hours of work.  So, considering all the relevant factors, the court denies plaintiff's request for those fees.  Instead, the court reduces plaintiff's counsel's award to a non-contingency hourly rate of $600, which equals a contingency hourly rate of $1,680.  This rate is "on the higher end" of those our court has approved.  *Crozzer*, 2025 WL 3525270, at *2.  Multiplying $1,680 by the 3.8 hours plaintiff's counsel worked on this case yields a total sum of attorney fees of $6,384.  The court thus grants in part and denies in part plaintiff's Motion for Attorney Fees (Doc. 13).

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion for Attorney Fees (Doc. 13) is granted in part and denied in part.  Plaintiff's attorney, Kelsey Young, is entitled to $6,384 in attorney fees under 42 U.S.C. § 406(b).  The Commissioner shall pay the fees from the amount he is withholding from plaintiff's past-due benefits.

**IT IS FURTHER ORDERED THAT** plaintiff's attorney, Kelsey Young, must refund to plaintiff any fees she received under the Equal Access to Justice Act after she receives $6,384 in attorney fees from the Commissioner.

**IT IS SO ORDERED.**

**Dated this 2nd day of April, 2026, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**